UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP HUGHES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>PERRY RUSSELL,<br><br>　　　　　　　Respondent. | Case No. 3:22-cv-00378-MMD-CSD<br><br>ORDER |

　　　This is a habeas corpus action brought under 28 U.S.C. § 2241 by Philip Hughes, who is incarcerated in the custody of the Northern Nevada Correctional Center ("NNCC"). Hughes filed his habeas petition on August 24, 2022. (ECF No. 1.) He paid the filing fee. (ECF No. 3.) The Court has examined Hughes's petition and will dismiss it because it does not state a claim cognizable in a federal habeas corpus action.

　　　Hughes's petition alleges that, at NNCC, $8 was improperly confiscated from him. (ECF No. 1 at 2–8.) He seeks an order of this Court requiring NNCC to refund the $8. (*Id*. at 8.)

　　　A state prisoner's habeas claim is cognizable only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). Federal law provides two main avenues to relief on complaints related to incarceration: a petition for a writ of habeas corpus or a civil rights action under 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). If success on a claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a civil rights action under § 1983. *Nettles*, 830 F.3d at 931. In this case, success on Hughes's claim would not

necessarily lead to his immediate or earlier release from custody, but would lead only to a refund of the money that was allegedly improperly confiscated from him; therefore, this case is not cognizable in this federal habeas corpus action. The Court will dismiss this action on this ground.

The Court will direct the Clerk of Court to send Hughes the forms necessary to file a civil rights action under 42 U.S.C. § 1983, in case he wishes to pursue this matter further.

The Court need not determine whether a certificate of appealability is warranted. 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability for an appeal from an order dismissing a habeas petition under 28 U.S.C. § 2241. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997). Hughes may appeal by filing a timely notice of appeal in this action, in this Court.

It is therefore ordered that this action is dismissed.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

It is further ordered that, under Federal Rule of Civil Procedure 25(d), Perry Russell is substituted for Kyle Olsen as the respondent warden. The Clerk of Court is directed to update the docket to reflect this change.

It is further ordered that the Clerk of Court is directed to send Petitioner a copy of the forms for a prisoner to file a civil rights action under 42 U.S.C. § 1983.

DATED THIS 2nd Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE